UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHARLES WHERETTE TROVINGER           Case No. 05-15701
MELISSA GENTRY TROVINGER

       Debtors

# ORDER DENYING CHARLES WHERETTE TROVINGER'S MOTION TO ABANDON PROPERTY OF THE ESTATE AND OVERRULING THE TRUSTEE'S OBJECTION TO THE DEBTOR'S EXEMPTION

Chandler Stanard, Attorney for Debtor, Mobile, AL
Suzanne Paul & C. Michael Smith, Attorneys for Trustee, Mobile, AL

This matter came before the court on Charles Wherette Trovinger's motion to abandon property of the estate and the trustee's objection to exemption. The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the court is denying Charles Wherette Trovinger's motion to abandon property of the estate and the trustee's objection to exemption.

## FACTS

On January 26, 1973, Alan R. Trovinger ("Alan"), the debtor's father, executed a trust instrument, naming AmSouth Bank as trustee. The trust was to be divided into two parts upon Alan's death: Trust #1 and Trust #2. Alan Trovinger died, and the trust became operational. Both Trust #1 and Trust #2 named Alan's wife, Shirley A. Trovinger ("Shirley"), as the life beneficiary. Shirley was entitled to income payments from the assets of both trusts. Shirley was also vested with the right to appoint the remaining assets under Trust #1 in her will. If Shirley

did not exercise her power of appointment, the trust directed that all assets in Trust #1 were to pour over into Trust #2.

Trust #2 provided that upon Shirley's death, "the Trustee shall divide Trust [#2] into as many equal parts as [Alan] has (1) then living children; and (2) deceased children leaving one or more lineal descendants surviving [Alan's] wife". Trust #2 also provided that

> Should any child of [Alan] be in destitute or necessitous circumstances or without funds to adequately but conservatively support and maintain himself or herself, or need or require funds to meet any emergency in his or her life, or to obtain a complete high school, college, professional or technical education, or such scholastic or educational training as any such beneficiary may have the temperament or ability and talent to take and desire or elect to receive, then the Trustee is authorized and empowered to make, from time to time, such payments to such beneficiary out of the corpus or principal of Trust [#2] – by and with the consent of [Shirley] so long as she may live and does not remarry, and after her death or remarriage, without the consent of anyone – as it may deem wise or expedient or to the best interest of such beneficiary and as will meet such contingency or alleviate such condition, even though it thereby distribute to such beneficiary the entire principal or corpus of the trust share which such beneficiary will receive after allotment of shares provided for [upon Shirley's death].

The above provision applied to the debtor. On a number of occasions, the debtor would request funds from the trustee whenever money was needed to meet his financial responsibilities, and the trustee would usually provide the debtor with the funds he requested.

On February 26, 1996, the debtor filed a Chapter 7 bankruptcy case in this Court. On question 19 under Schedule B (Personal Property), which asks whether the debtor has any "[c]ontingent and noncontingent interests in [a] trust", the debtor marked "X" to indicate "NONE". Subsequently, he received a discharge on July 15, 1996. The debtor testified that he informed his attorney of his remainder interest in the trust. On July 24, 2003, the debtor, with the help of a

2

different attorney, filed a Chapter 13 bankruptcy case in this Court. On question 19 under Schedule B (Personal Property), the debtor again marked "X" to indicate no contingent interest in a trust. The Chapter 13 bankruptcy was dismissed on July 19, 2005. The debtor testified that he also informed this attorney of his remainder interest in the trust.

After this Court dismissed the debtor's Chapter 13, the debtor's present attorney wrote a letter to AmSouth Bank on July 28, 2005, informing it that the debtor planned to file for bankruptcy again but needed $25,000 in order to get back on his feet. On October 5, 2005, the debtor filed a Chapter 7 bankruptcy case in this Court. On question 19 under Schedule B (Personal Property), the debtor again marked "X" to indicate no contingent interest in a trust. Subsequently, on October 20, 2005, the debtor signed a promissory note in favor of the trustee to repay the $25,000 given him upon the debtor's request. The promissory note stated that the trustee bank is "authorized to apply, on or after maturity, to the payment of this debt, any funds or credit held by said bank, on deposit, in trust, or otherwise…."

On January 24, 2006, this Court granted a discharge to the debtor in his Chapter 7 bankruptcy. On April 2 or 3,[1] the debtor's mother died. On April 17, 2006, the debtor filed a motion to reopen his Chapter 7 case to allow him to amend his schedules. On his amended Schedule B (Personal Property), the debtor listed his "contingent" interest in the trust assets under question 19 and listed its value at $1.00. On his amended Schedule C (Property Claimed As Exempt), the debtor listed his "contingent" interest in the trust assets and valued the exemption at $1.00.

---

[1] The debtor claims that his mother died on April 3. The trustee, however, notes that a local newspaper listed her death as April 2. The trustee also argues that the debtor has not supplied the trustee with a death certificate.

3

The debtor also filed a motion to abandon property of the estate on April 17, 2006. According to his motion, on April 10, 2006, AmSouth Bank informed the debtor and the other remaindermen that the trust had matured upon Shirley's death, and the assets would soon be disbursed. Furthermore, AmSouth met with the debtor and the other remaindermen on April 12, 2006, yet expressed doubts as to whether it was supposed to disburse the debtor's share to the debtor or to the Chapter 7 trustee. In his motion, the debtor requests the Court to find that "the value of the contingent remainder interest in the Trust was inconsequential and was not required to be listed as an asset of the Estate…." The Chapter 7 trustee, however, provided this Court with documentation showing the debtor's share of the trust assets to be well over $200,000 as of June 19, 2006, and objects to the debtor's exemption of the interest in the trust.

**LAW**

Three issues are raised in this proceeding. The first issue involves whether or not the remainder interests in Trust #1 and/or Trust #2 given the debtor under the trust instrument were property of the estate on the day the debtor filed his petition. The second issue involves whether or not the trustee should abandon the remainder interest in the trust under 11 U.S.C. § 554(b) based on the debtor's assertion that it is of little or inconsequential value to the estate. The third issue involves the trustee's objection that the debtor has lost the right to claim an exemption of some or all of the trust assets due to the debtor's intentional concealment.

A.

The first issue is whether or not the remainder interests in Trust #1 and/or Trust #2 given the debtor under the trust instrument were property of the estate on the day the debtor filed his petition. 11 U.S.C. § 541(a)(1) states that "all legal or equitable interests of the debtor in property" become

4

property of the estate "as of the commencement of the case." Whether a debtor's interest constitutes property of the estate is decided under federal law. *Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280, 1283 (11th Cir. 1998). Whatever interest the debtor may or may not have in the property is determined by looking at state law. *Id*.

Both parties argue that the resolution of this issue depends on whether the remainder interest is vested or contingent, with the debtor arguing that only vested interests become property of the estate upon filing. However, the Court concludes, after reviewing the law, that even contingent interests constitute property of the estate under 11 U.S.C. § 541(a)(1). *See United States v. Transport Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001) (property of the estate "encompasses conditional, future, speculative, and equitable interests of the debtor"); *Affiliated Computer Sys., Inc. v. Sherman (In re Kemp)*, 52 F.3d 546, 550 (5th Cir. 1995) (same). Since the vested or contingent nature of the remainder interest will not affect the disposition of this case, the Court will assume, without deciding, that the debtor's remainder interests in both Trust #1 and Trust #2 are contingent.

## TRUST #1

In *In re Knight*, the "Charles Trust" was divided into Part A and Part B. 164 B.R. 372, 374 (Bankr. S.D. Fla. 1994). Under Part A, the life beneficiary, the debtor's mother, was given income for life and the right to appoint the principal in her will. *Id*. The court recognized that the debtor's mother had "absolute discretion as to naming [the debtor] as a beneficiary" pursuant to her power of appointment. *Id*. As a result, the court found that "the [d]ebtor's interest in the Part A Trust is too remote to have value and does not constitute property of the estate." *Id*. at 376.

Similarly, in this case, Shirley Trovinger was given a power of appointment over the remaining assets in Trust #1. Shirley had absolute discretion pursuant to her power of appointment

5

and could have completely denied the debtor any interest in Trust #1. The fact that at her death, after the filing of this case, she had not exercised her power of appointment has no bearing on what her rights were at the moment Charles Trovinger's Chapter 7 case was filed. Therefore, the Court finds that the debtor's interest in Trust #1 was "too remote to have value and does not constitute property of the estate." *Id*. at 376.

The Court's finding above, however, brings into play the applicability of 11 U.S.C. § 541(a)(5)(A). That section states that property of the estate includes

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
> (A) by bequest, devise, or inheritance

11 U.S.C. § 541(a)(5)(A). The debtor became entitled to acquire assets in Trust #1 upon the death of his mother, Shirley. The debtor testifed that his mother died on April 3, 2006 (181 days after the debtor filed for bankruptcy). The trustee, however, argues that a local newspaper listed Shirley's death on April 2, 2005 (180 days after the debtor filed for bankruptcy). The trustee also argues that the debtor has not authenticated the proper date with a death certificate. However, since the only evidence presented to this Court is the debtor's testimony that Shirley died on April 3, 2006, the Court finds that Shirley died on April 3, 2006. As such, the debtor did not acquire an interest in Trust #1 until 181 days after he filed for bankruptcy, thus surpassing 11 U.S.C. § 541(a)(5)'s 180-day deadline for the trustee to claim after-acquired interests as property of the estate.

6

## TRUST #2

Looking to Alabama state law, the Alabama Code provides a legal interest to the holder of a contingent interest by allowing the alienation of "lands and any interest therein, whether immediate or future, certain or contingent…." ALA. CODE § 35-4-1 (1975). Even assuming that the prior law does not apply to cash funds in a trust, the debtor nonetheless has an equitable interest in his remainder in Trust #2 since the Alabama Code allows a "remainderman … of personalty [to] commence an action against a wrongdoer for any injury going to destroy the existence or ultimate value of the property." ALA. CODE § 6-5-264 (1975). The Supreme Court of Alabama has applied a similarly worded law to a remainderman seeking to protect a contingent interest in stocks held in trust. *See Mudd v. Lanier*, 24 So. 2d 550, 561-62 (Ala. 1945). The Supreme Court of Alabama also found, in dicta, an individual's transfer of a contingent remainder for the benefit of another an "express trust", finding it "entirely immaterial that the declaration of trust was made[] before the legal title was vested in the trustees." *Holt v. Wilson*, 75 Ala. 58, 63-64 (1883). Therefore, since Alabama state law gives the debtor, at the very least, an equitable right to protect and transfer a contingent remainder, 11 U.S.C. § 541(a)(1) deems his interest in Trust #2 property of the estate.

Unlike the debtor's interest in Trust #1, Shirley Trovinger had no ability to divest the debtor of his interest in Trust #2 at the filing of his case. Even though the exact amount he would receive at Shirley's death was unknown, the debtor nonetheless had the right to receive whatever amount there was in place at the filing of the Chapter 7 bankruptcy case.

The debtor cites to a Fifth Circuit case to support his position that since he had no interest in Trust #2, he was not required to list them on his schedules. *See Stokes v. Trust Co. of Georgia (In re McLoughlin)*, 507 F.2d 177 (5th Cir. 1975). In that case, the court noted that under § 70(a)

7

of the Bankruptcy Act of 1878, the trustee, on the day the petition was filed, was only vested with the debtor's property that the debtor "could by any means have transferred or which might have been levied upon and sold under judicial process against him…." *Id*. at 180 n.3. The Fifth Circuit case is inapplicable, however, because it involved the application of § 70(a)(5) of the Bankruptcy Act of 1898, which failed to vest the trustee with title to property that could not be levied upon or transferred by the debtor under state law. *Id*. at 180-81. The Code abandoned the transferability-leviability standard of § 70(a)(5) and provided instead that "all legal and equitable interests of the debtor in property" become property of the estate. *Geekie v. Watson (In re Watson)*, 65 B.R. 9, 11-12 (Bankr. C.D. Ill. 1986). As the Court noted above, the debtor had, at the very least, an equitable interest in Trust #2. Therefore, it was property of the estate under 11 U.S.C. § 541(a)(1).

In further support of his position, the debtor directs the Court to an Alabama statute which notes that spendthrift trusts may not be "seized or taken in any manner for the debt of" the beneficiary. ALA. CODE § 19-3-1 (1975).[2] This also fails to persuade the Court. "Under a spendthrift trust, 'the right of the beneficiary to future payments of income or capital cannot be voluntarily transferred by the beneficiary or reached by his or her creditors.'" *Cadle Co. v. Pratt (In re Pratt)*, 411 F.3d 561, 569 (5th Cir. 2005) *quoting Shurley v. Texas Commerce Bank-Austin, N.A. (In re Shurley)*, 115 F.3d 333, 337 (5th Cir. 1997). The Court has already established that, under Alabama law, the debtor had the right to transfer his contingent interest in Trust #2 before vesting as well as the right to bring suit to protect his interest. The trust instrument created in favor of the debtor is not

---

[2] This law was repealed on March 10, 2006, which is more than one month before the debtor filed his motion to abandon property of the estate on April 17, 2006.

8

a spendthrift trust[3], and the authority cited by the debtor is inapplicable. Therefore, the debtor's remainder interest in Trust #2 was property of the estate under 11 U.S.C. § 541(a) on October 5, 2005, the date he filed for bankruptcy.

The debtor again argues that since Shirley died 181 days after he filed for bankruptcy, 11 U.S.C. § 541(a)(5) prevents the trustee from claiming the debtor's interest in Trust #2 as property of the estate. Even though the Court has already found that Shirley died 181 days after the debtor filed for bankruptcy, he still is not saved since 11 U.S.C. § 541(a)(5) does not apply in regard to the debtor's interest in Trust #2. The plain language of 11 U.S.C. § 541(a)(5) assumes the debtor did not actually have an interest in the property later acquired when he originally filed for bankruptcy. As this Court concluded above, the debtor did have, at the very least, an equitable interest in Trust #2 when he originally filed for bankruptcy. Therefore, the Court finds 11 U.S.C. § 541(a)(5) inapplicable in regard to Trust #2.

B.

The second issue involves whether or not the trustee should abandon the remainder interest in the trust under 11 U.S.C. § 554(b) based on the debtor's assertion that it is of little or inconsequential value to the estate. The burden of proof is on the debtor, who must prove he is entitled to the abandonment by a preponderance of the evidence. *In re Siegel*, 204 B.R. 6, 8 (Bankr. W.D.N.Y. 1996). 11 U.S.C. § 554(b) states that upon a request from a party in interest, "the court may order the trustee to abandon any property of the estate … that is of inconsequential value and

---

[3] The debtor did not argue, in his brief, that the trust was a spendthrift trust. However, the law cited by the debtor implied this argument, and the Court decided to address the issue.

9

benefit to the estate." The inclusion of "may" in 11 U.S.C. § 554(b) vests the Court with discretion in deciding whether or not to order the trustee to abandon property.

One commentator has stated "that the primary value of the right of other parties to request an abandonment order will be 'where the trustee is willing to stipulate to such an order but, perhaps because of lack of assets in the estate, is unwilling to prepare it.'" *Goger v. United States (In re Janmar, Inc.)*, 4 B.R. 4, 10 (Bankr. N.D. Ga. 1980) *quoting* Murphy, *Creditor's Rights in Bankruptcy,* § 4.12, p. 4-16 (1980). Similarly to the Bankruptcy Court for the Northern District of Georgia, this Court is also "persuaded that Mr. Murphy's statement outlines the rationale underlying § 554(b)." *In re Janmar, Inc.*, 4 B.R. at 10. "Generally, unless the trustee agrees to abandonment of a particular property of the estate, no order of such abandonment shall be issued at the request of a party in interest." *Id*.

In this case, the trustee does not want to abandon the trusts. The debtor states that both Trust #1 and Trust #2 have no value. The trustee states that they have a value of over $200,000. The Court finds that abandonment in this case is inappropriate at this time. As to Trust #1, the Court concludes that it is not property of the estate. Therefore, abandonment is unnecessary. As to Trust #2, neither party has valued that trust separately as of the date the debtor filed for bankruptcy. If on the day the Chapter 7 case was filed, Trust #2 had no value, then abandonment might be appropriate. If on the day of the Chapter 7 filing, Trust #2 had value, then it belongs to the trustee. The Court will set a further hearing to determine the value of Trust #2 on October 5, 2005, i.e. the day of the Chapter 7 filing.

Case 05-15701   Doc 54   Filed 09/05/06   Entered 09/05/06 15:01:20   Desc Main
Document     Page 10 of 12

C.

The third issue involves the trustee's objection to the debtor's exemption of some or all of the trust assets due to the debtor's intentional concealment. 11 U.S.C. § 522 allows a debtor to exempt certain property from the bankruptcy estate. However, "if a debtor intentionally conceals or fails to disclose estate property [under 11 U.S.C. § 541], the debtor will be barred from claiming such property as exempt, even if the property would have been exempt had it been properly scheduled and claimed." *Wood v. Premier Capital, Inc. (In re Wood)*, 291 B.R. 219, 226 (B.A.P. 1st Cir. 2003); *See also Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982) ("[C]oncealment of an asset will bar exemption of that asset."). "Intent to conceal is a factual determination to be made by the bankruptcy court based upon the evidence presented and inferences drawn therefrom at trial." *In re Wood*, 291 B.R. at 226 *citing In re Yonikus*, 996 F.2d 866, 872 (7th Cir. 1993). "Bad faith is generally determined from an examination of the relevant surrounding circumstances." *In re Wood*, 291 B.R. at 226. The trustee must prove the debtor's lack of entitlement to the exemption by a preponderance of the evidence. *Henkel v. Green (In re Green)*, 268 B.R. 628, 653 (Bankr. M.D. Fla. 2001).

Despite having an interest in Trust #2, the Court concludes that, although the evidence is close, the trustee did not prove the debtor intentionally concealed the existence of the trust assets. The debtor had at least 3 different attorneys that represented him in 3 different bankruptcy cases since 1996. He testified that he told each of them about the trust. In fact, one of the attorneys even wrote AmSouth seeking funds for the debtor's use prior to his 2005 bankruptcy. The debtor is not a sophisticated businessman. He obviously was relying on his lawyers. The evidence did show that the debtor knew how to ask for funds from the trust and that he received sums over the years that he

11

has never repaid; but those funds, other than for college expenses, were arguably loans against his ultimate share. The Court is ruling that Trust #1 is excluded from the estate and Trust #2 is not, so the legal issues were not clear-cut. It is not surprising that the debtor could have been confused or misguided by his attorneys. The Court concludes that the evidence is, at worst for the debtor, in equipoise, which means the trustee did not carry her burden. As such, the trustee's objection to the debtor's exemption is denied.

THEREFORE IT IS ORDERED AND ADJUDGED:

1. Charles Wherette Trovinger's remainder interest in Trust #1 was not property of the estate on the day he filed his bankruptcy petition and did not become so under 11 U.S.C. § 541(a)(5)(A).

2. Charles Wherette Trovinger's remainder interest in Trust #2 was property of the estate on the day he filed his bankruptcy petition to the extent of the value of the debtor's remainder interest on that date.

3. Charles Wherette Trovinger's motion to abandon property of the estate is set for further hearing as to the value of the debtor's interest in Trust #2 on October 5, 2005. The hearing will be held on **October 3, 2006 at 8:30 a.m.**

4. The trustee's objection to the debtor's exemption is DENIED, and the debtor may claim the statutory exemption available.


Dated: September 5, 2006

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE