UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHARLES WHERETTE TROVINGER    Case No.: 05-15701
MELISSA GENTRY TROVINGER

    Debtors

**ORDER AMENDING THE COURT'S ORDER OF SEPTEMBER 5, 2006**

Chandler Stanard, Attorney for Debtor, Mobile, AL
Suzanne Paul & C. Michael Smith, Attorneys for Trustee, Mobile AL

This matter came before the Court on the trustee's motion to amend findings of fact and conclusions of law. The Court has jurisdiction to hear this matter purusant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court is amending its prior ruling and finding that all of Charles Wherette Trovinger's interests in Trusts #1 & #2 constitute property of the estate.

**FACTS**

On September 5, 2006, this Court entered an order finding that: (1) the debtor's interest in Trust #1 was not property of the estate; and (2) the debtor's interest in Trust #2 was property of the estate on the day he filed his bankruptcy petition to the extent of the value of the debtor's remainder interest on that date.[1] The facts included in that opinion are not restated here. They are incorporated by reference.

On September 15, 2006, the trustee filed a motion to amend and alter the findings of fact and conclusions of law, claiming that she is entitled to the full proceeds from both trusts pursuant

---

[1] The Court made other findings, which are not relevant to the resolution of this opinion.

to 11 U.S.C. § 541(a)(5)(A), which provides that property of the estate includes

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date-
> (A) by bequest, devise, or inheritance . . . ."[2]

The trustee asserts that whether or not the debtor's mother died on April 2 or 3 of 2006 is irrelevant for a determination under 11 U.S.C. § 541(a)(5)(A) since April 2 is Day 179 and April 3 is Day 180 under the statute. The Court, in its September 5, 2006, order found that the debtor's mother died on April 3, which, according to the manner of counting in that opinion, is 181 days after the debtor filed for bankruptcy. However, the trustee argues in her motion that the Court erred since it counted the day of the filing of the petition as Day 1; instead, the trustee asserts that the Court should have excluded such date for counting purposes, thereby making April 3 fall within the 180 day period. The debtor filed a response to the trustee's motion on September 26, 2006, claiming that the Court correctly found that April 3 was Day 181. The Court and counsel did not carefully consider this issue at the time of the earlier opinion.

**LAW**

The issue before this Court is whether or not the date of the filing of the petition is counted or excluded for purposes of the 180-day rule in 11 U.S.C. § 541(a)(5)(A). The trustee argues that the petition date should be excluded. In this Court's September 5, 2006, order, it counted the petition date as Day 1 and concluded that April 3 was 181 days after the filing of the debtor's petition. Upon further consideration of the law, the Court overrules its prior finding and

---

[2]The trustee also listed other reasons as to why she was entitled to the full proceeds of both trusts. Since those issues do not affect this Court's ruling, they are not discussed.

2

concludes that the petition date should not be counted, thereby making April 3, the date of the debtor's mother's death, Day 180 after the filing of the debtor's petition.

The Court's research shows that there is no clear cut answer to the question posed. Federal Rule of Bankruptcy Procedure 9006(a) states:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by ***any applicable statute***, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

(emphasis added). Collier discusses Rule 9006(a) as follows:

> Bankruptcy Rule 9006(a) establishes the method of computing "any period of time prescribed or allowed . . . by any applicable statute." . . . In determining what statutes are "applicable" and, hence, to be construed in light of Rule 9006(a), it is necessary to consider the scope of the rules themselves. Rule 1001 provides that the Bankruptcy Rules "govern procedure in cases under title 11 of the United States Code." Section 2075 of title 28 states that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." It follows, then, that Rule 9006(a) does not provide a general rule of statutory construction which the courts are bound to apply to all time periods mentioned in any statute that may come before the court . . . .
>
> In fact, it is difficult to determine exactly what the "any applicable statute" language means. The issue has arisen in the many cases that involve sections in the Bankruptcy Code itself that contain time periods. Some, like section 546(c)(1), contain a time period for sending a notice or, like section 547(e)(2)(A), for perfecting a security interest. In others, like sections 547(b)(4) and 548(a)(1), a time period is a component of an avoidable transfer. Still others, like section 546(a)(1), are statutes of limitation. Whether and to what extent these time periods are to be measured by the mechanics of Rule 9006(a) has developed into a matter of some controversy.

10 COLLIER ON BANKRUPTCY § 9006.04 (15th ed. rev. 2005). The Court will analyze, by

3

analogy, cases dealing with the preference avoiding powers under 11 U.S.C. § 547(b)(4)(A), which provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> (4) made–
> (A) on or within 90 days before the date of the filing of the petition . . . .

In a Ninth Circuit case, the court decided two questions: (1) "whether Federal Rule of Bankruptcy Procedure 9006(a)–which extends an applicable period to include the next business day where the last day falls on a Saturday, Sunday, or legal holiday–by its terms applies to the 90-day period for avoidance of a preferential transfer under 11 U.S.C. § 547(b)(4)(A)"; and (2) "whether such application would be permissible under the Rules Enabling Act, 28 U.S.C. § 2075". *MBNA Am. v. Locke (In re Greene)*, 223 F.3d 1064, 1067 (9th Cir. 2000).

In regard to question 1, the court noted that "the Advisory Committee Notes to Rule 9006 . . . explain that Rule 9006(a) 'governs the time for *acts to be done and proceedings to be had* in cases under the Code and any litigation arising therein.'" *Id*. at 1069 *quoting* Fed. R. Bankr. P. 9006(a) advisory committee's note. In holding in the negative in regard to question 1, the court found that 11 U.S.C. § 547(b)(4)(a) was not an "applicable statute" under Rule 9006(a). *Id*. In reaching this conclusion, the court noted that "[t]he occurrence and timing of a pre-petition transfer that later becomes the subject of a § 547 action do not constitute 'procedure in [a case] under title 11 of the United States Code [as required by Federal Rule of Bankruptcy Procedure 1001],' since the transfer is made independently of any judicial action and thus is not an 'act[] to be done [or] proceeding[] to be had' in a bankruptcy case." *Id*. The court further stated that "a

transfer can take place *on any day of the week*, including a weekend or holiday, and therefore does not require the bankruptcy court to be open for business." *Id*.

The court found support for its holding in *Smith v. United States (In re Smith), 96 F.3d 800 (6th Cir. 1996)*. *Id*. In *In re Smith*, the Sixth Circuit ruled that Rule 9006(a) was not applicable to 11 U.S.C. § 523(a)(1)(B)(ii), which provides that "income tax debts are not dischargeable if . . . the tax return 'was filed . . . after two years before the date of the filing of the [bankruptcy] petition.'" *Id*. at 1069-70. In finding Rule 9006(a) inapplicable, the Sixth Circuit stressed that "[h]ere[,] we are *not dealing with bankruptcy procedural rules* but with the *legal status of a debt* at the time of the filing of the petition." *Id*. at 1070 *quoting In re Smith*, 96 F.3d at 802. In agreement with the Sixth Circuit, the *In re Greene* court summed up its discussion by stating "Bankruptcy Rule 9006(a) is strictly procedural, and it simply lacks relevance in determining 'the legal status of a [transfer] at the time of the filing of the petition.'" *Id*. at 1070.

In answering the second question in the negative, the Ninth Circuit noted that "[u]nder the Rules Enabling Act, the Supreme Court's power to promulgate the Bankruptcy Rules is limited by the provision that '[s]uch rules shall not abridge, enlarge, or modify any substantive right.'" *Id*. *quoting* 28 U.S.C. § 2075. The Court adopted the following reasoning in reaching its conclusion:

> In order to resolve [whether Rule 9006(a) may be used to extend the 90-day preference period of § 547(b)(4)(A)], we must determine whether the '90 day' element of § 547(b) is procedural or substantive. If it is merely procedural, then Rule 9006(a) would allow the 90 days to be extended [whereas if] it is a substantive element of § 547(b), then 28 U.S.C. § 2075 precludes its extension beyond 90 days.
>
> A substantive element differs from a procedural requirement for an

5

> act to be done such as the filing of a complaint or a motion prior to a certain deadline. In fact, unlike a complaint or motion that must be filed with the court *while the clerk's office is open*, a transfer can occur *at any time*.
>
> [Based on the above reasoning, it] is clear that the power to avoid any preferential transfer within 90 days before the date the petition was filed is a substantive element of a cause of action under § 547(b).

*Id*. at 1070-71 *quoting Research Group 80-21 v. Kendall (In re Bergel)*, 185 B.R. 338, 341 (B.A.P. 9th Cir. 1995).

Despite ruling in the negative on both questions and finding that Rule 9006(a) does not apply to substantive rules in the Bankruptcy Code, the Ninth Circuit nonetheless accepted the lower court's exclusion of the petition date for counting purposes. *See id*. at 1066-67. In discussing other courts' rulings that have excluded the petition date for counting purposes under Rule 9006(a), the Ninth Circuit noted that "[w]hile it may make sense to apply this *principle* of Rule 9006(a) by analogy . . . the Rule itself is inapplicable." *Id*. at 1069. An Eleventh Circuit bankruptcy court, in dicta, also discussed the fact that Rule 9006(a) may not be applicable to § 547(b)(4)(A), yet still found that the petition date should be excluded for counting purposes. *See Alexander v. Southern Mills, Inc. (In re Terry Mfg. Co., Inc.)*, 325 B.R. 638, 642 (Bankr. M.D. Ala. 2005).

This Court finds the substantive/procedural distinction made by the above authorities to be persuasive. Since 11 U.S.C. § 541(a)(5)(A) entails the transfer of a right and does not require an affirmative act by one party, as would a procedural right, the Court finds that section not to be an "applicable statute" under Rule 9006(a). As mentioned above, a transfer can occur at any time and does not require the court to be open, as would a procedural right. "A transfer thus does not

6

implicate the purpose of Rule 9006(a), which is 'to encourage courts to read the Code's sometimes draconian catalogue of time limits in a manner that is fair to the party against whom the time limit is running, i.e., to guarantee that no party is shortchanged by an unfortunately-positioned weekend or holiday.'" *In re Greene*, 223 F.3d at 1069 *quoting In re Smith*, 96 F.3d at 802.

The Court is also in agreement with the above authorities that the petition date should be excluded for counting purposes. The Court finds further support for its agreement by looking at the plain language of 11 U.S.C. § 541(a)(5)(A). That section states that property of the estate includes anything the debtor acquires or is entitled to acquire within "180 days after [the petition] date . . . ." "After" is defined as "following in time or place". WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 62 (1990). Obviously, the petition date is not a day "following in time" because it is the day that the event occurred. Under the plain meaning rule, then, the day "following in time" would be the day "after" the petition date. Therefore, the Court finds that the petition date is excluded for counting purposes under case law and the plain meaning rule, thereby making April 3 fall within the 180 day range contemplated by 11 U.S.C. § 541(a)(5). As such, the interests in both Trust #1 and Trust #2 constituted property of the estate on April 3, the day the debtor's mother died, and the trustee succeeds to both trusts' full worth, subject to the debtor's statutory exemption.

THEREFORE IT IS ORDERED AND ADJUDGED:

1) Charles Wherette Trovinger's interests in both Trust #1 and Trust #2 constitute property of the estate pursuant to 11 U.S.C. § 541(a)(5)(A), and the trustee succeeds to both trusts' full worth, subject to the debtor's statutory exemption.

Dated: October 20, 2006

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE