UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHARLES WHERETTE TROVINGER           Case No. 05-15701
MELISSA GENTRY TROVINGER

       Debtors

**ORDER FINDING THAT ANY TRUST FUNDS RECEIVED BY THE DEBTOR PRIOR TO THE DEATH OF THE LIFE BENEFICIARY SHALL BE DEDUCTED FROM THE SHARE ALLOTTED TO HIM UNDER ITEM 7 OF THE TRUST INSTRUMENT**

    Chandler Stanard, Attorney for Debtor, Mobile, AL
    Suzanne Paul & C. Michael Smith, Attorneys for Trustee, Mobile, AL
    C. Richard Wilkins, Attorney for Caroline Trovinger, Mobile, AL
    Christopher I. Gruenwald, Attorney for AmSouth Bank, Mobile, AL
    Jeffrey A. Head, Attorney for Alan Trovinger, Mobile, AL
    Denise Littleton, Trustee

This matter came before the Court on AmSouth Bank's motion for instructions regarding the distribution of funds under the Alan R. Trovinger trust ("trust"). The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court finds any trust funds received by the debtor prior to the death of the life beneficiary shall be deducted from the share allotted to him under Item 7 of the trust instrument.

**FACTS**

The debtor filed a Chapter 7 case on October 5, 2005. Along with his two siblings, the debtor was a beneficiary under his father's trust, the Alan R. Trovinger trust ("trust"). However, the debtor failed to list this interest in his schedules. The Court confronted the issue of whether

1

the trust constituted property of the estate in its September 5, 2006, order, and its amended order issued on October 20, 2006, the substance of which are incorporated by reference. In its amended ruling, the Court held that the debtor's share of the trust assets constituted property of the estate. Thereafter, AmSouth Bank, the trustee of the trust, filed the present motion for instructions regarding the disbursement of the trust funds.

The Court held a hearing on the matter on January 16, 2007. At the hearing, all parties agreed that the claims against the debtor's estate total approximately $141,000. However, AmSouth Bank, at this point, is only willing to distribute $116,000 of trust funds to the trustee, an amount that no one contests belongs to the debtor. The trust beneficiaries dispute how much, if any, other sums are due Charles Trovinger from this trust. At issue at the hearing was the interpretation of the trust instrument itself. AmSouth offered the trust instrument to the Court and the Court received it into evidence.[1]

Item Seven of the trust instrument provides that upon the death of the life beneficiary, "the Trustee shall divide [the trust funds] into as many equal parts as Grantor has . . . then living children . . . . " Item Seven also discusses other potential fact scenarios and how the trustee should handle **"the share allotted"** to each beneficiary upon the happening of each.

Item Ten of the trust instrument provides:

> Should any child of Grantor or lineal descendant of a deceased
> child of Grantor be in destitute or necessitous circumstances or
> without funds to adequately but conservatively support and

---

[1] Caroline Trovinger's attorney offered into evidence a letter from the scrivener of the trust instrument, wherein an interpretation of the disputed provisions of the trust is provided. The trustee objected to the exhibit, and the Court took the matter under advisement. The trustee and Caroline Trovinger submitted briefs. The Court sustains the trustee's objection and does not receive Caroline Trovinger's Exhibit #1 into evidence.

> maintain himself or herself, or need or require funds to meet any emergency in his or her life, or to obtain a complete high school, college, professional or technical education, or such scholastic or educational training as any such beneficiary may have the temperament or ability and talent to take and desire or elect to receive, then the Trustee is authorized and empowered to make, from time to time, such payments to such beneficiary out of the corpus or principal of [the trust] as it may deem wise or expedient or to the best interest of such beneficiary and as will meet such contingency or alleviate such condition, **even though it thereby distribute to such beneficiary the entire principal or corpus of the trust share which such beneficiary will receive after allotment of shares provided for in Item Seven thereof.**

At the hearing, the trustee argued that Item Seven provides that each beneficiary is entitled to equal shares of the trust funds, and, despite the fact that the debtor received trust funds prior to the death of the life beneficiary, this amount was not required to be deducted from the shares allotted after the life beneficiary's death. This is so, the trustee argued, because the four corners of the document make no mention of deducting any prior encroachments from any subsequent distribution of trust shares. Moreover, the trustee argued that such a finding makes good sense, since it would have been impossible for the trustee to know what each beneficiary's ultimate share would be prior to the death of the life beneficiary. Charles Trovinger supported this interpretation.

Caroline Trovinger and Alan Trovinger, the two other beneficiaries under the trust, were also represented by attorneys at the hearing. Their attorneys argued that the trust instrument plainly mentions that any prior encroachment on the trust funds under Item 10 are to be deducted from the beneficiary's ultimate share. This is evidenced by Item 7's reference to "the share allotted" to each beneficiary and Item 10's stating that the trustee may encroach upon the trust funds to aid a beneficiary, "even though it thereby distribute to such beneficiary the entire

3

Case 05-15701    Doc 82    Filed 01/23/07    Entered 01/23/07 12:36:55    Desc Main
Document      Page 3 of 5

principal or corpus of the trust share which such beneficiary will receive after allotment of shares provided for in Item Seven thereof." To ignore the trust's constant reference to each beneficiary's individual "share allotted" would render that language superfluous and thereby violate the rule whereby each word of a trust instrument should be given effect.

AmSouth Bank informed the Court that it takes no position on this issue but is merely seeking guidance from the Court regarding how it should distribute the trust funds.

**LAW**

The issue before the Court is whether encroachments made pursuant to Item 10 prior to the death of the life beneficiary were intended to be deducted from the beneficiary's ultimate allotted share under Item 7 after the death of the life beneficiary? The Court must look to Alabama law to help guide its interpretation of the trust instrument.

"[T]he key to resolution of any issue concerning a trust is the intention of the settlor." *First Nat'l Bank of Birmingham v. Currie*, 380 So. 2d 283, 285 (Ala. 1980). "The controlling rule of law is that a court may only resort to extrinsic evidence to determine the settlor's intent when the language of the trust is ambiguous." *Id*. The Court does not believe that the trust instrument is ambiguous; therefore, it will not resort to extrinsic evidence.

Looking to the four corners of the document, the Court believes Alan R. Trovinger's, the settlor's, intention was that any encroachment on the trust assets by any one of his children prior to the death of the life beneficiary would be deducted from the ultimate share allotted to such individual child. The Court is convinced that Item Seven's reference to **"the share allotted"** and Item 10's allowance of encroachment by any beneficiary "even though it thereby distribute to such beneficiary the entire principal or corpus of **the trust share which such beneficiary will**

4

**receive after allotment of shares provided for in Item Seven**" evidence this intention on the part of the settlor.

THEREFORE IT IS ORDERED AND ADJUDGED that any trust funds received by the debtor prior to the death of the life beneficiary shall be deducted from the share allotted to him under Item 7 of the trust instrument.

Dated:   January 23, 2007

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

5